20964

The STATE, Respondent, v. Jean W. ABBOTT et al., Appellants.

(255 S. E. (2d) 673)

*Warren & Pitts,* Allendale, *for appellants.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Kay G. Crowe,* Columbia; and *Sol. Sylvia W. Westerdahl,* Aiken, *for respondent.*

May 22, 1979.

*Per Curiam:*

The agreed statement of facts, as printed in the transcript of record, adequately sets forth the background for the questions submitted to the court in this appeal. It follows:

The appellants in the above captioned case were arrested on May 1, 1978, and charged with trespass in connection with demonstrations and protests against the operation of a nuclear fuel reprocessing plant in Barnwell County. On that same day, each appellant was released upon payment of a Fifteen and 00/100 Dollars ($15.00) cash bond. No written bond agreement or contracts were signed. The procedure generally followed by the magistrate was that each defendant was told that his or her trial date would be May 5, 1978.

Retained counsel for the appellants, Robert W. Warren, appeared on May 5, 1978, before the magistrate with retainer agreements signed by all the appellants. Mr. Warren explained that most of the appellants were from out of the County and out of the State and, therefore, he was appearing in their behalf to request a jury trial. No jury venire was present.

Motion was made by the State to estreat the bonds of all appellants not present in court. This motion was granted and the bonds estreated on the same day without notice or opportunity to be heard given to the appellants.

Notice of intention to appeal from the magistrate's ruling was timely served and filed.

The appeal from the magistrate's ruling was heard by the Honorable Rodney A. Peeples [circuit judge]. The appellants argued that the estreatment procedure was improper in that (1) pursuant to the South Carolina custom and practice in magistrate's court, the appellants did not breach their bond agreement in that their appearance was not required

until the date set for their jury trial and (2) even if they failed in their bond obligation, the requirements of Section 17-15-170 of the South Carolina Code of Laws were not met and the estreatment amounted to a deprivation of property without Due Process of Law.

Judge Peeples ruled adversely to the appellants and notice of intention to appeal was timely served and filed. This appeal follows.

The appellants raise two questions, as taken from their brief, in this appeal. They are as follows:

I

Did the circuit court err in affirming the magistrate's ruling that each appellant had to appear personally on May 5, 1978, in order not to have his or her bond forfeited?

II

Did the circuit court err in affirming the magistrate's estreatment procedure?

It is inescapable that each defendant knew he or she should appear before the judge at the time specified.

The argument of counsel that his appearance was a substitute for the personal appearance for each of the defendants is without merit. Counsel had no authority to excuse the defendants from appearance. Upon their failure to appear, the judge was warranted in declaring the cash bonds forfeited, and the circuit judge appropriately so ruled upon hearing the appeal.

The statutes and cases relied upon by the appellants are inapplicable under the facts of this case.

Affirmed.